UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL BURRISS,            )
                            )
        Plaintiff,          )
                            )
v.                          )        CV423-256
                            )
BRIAN KEMP, *et al.*,       )
                            )
        Defendants.         )

# ORDER

The Court previously severed the claims asserted by *pro se* plaintiffs Michael Burriss and Thomas Marion Zachary.  *See* doc. 2. Because Burriss had not moved to proceed *in forma pauperis*, the Court directed him to either submit such a motion or pay the Court's filing fee. *Id.* at 2.  Burriss has complied, doc. 9, and has simultaneously submitted the Prisoner Trust Account Statement and Consent to Collection of Fees from Trust Account forms, docs. 6 & 7.  Since it appears that Burriss lacks sufficient funds to pay the Court's filing fee, his Motion is **GRANTED**.  Doc. 9.  Since he has already returned the required forms, the Court will proceed to screen his Complaint.  *See* 28 U.S.C. § 1915A.

1

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Burriss is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The Complaint, jointly submitted by Zachary and Burriss, generally alleges problems with the mail system at Chatham County Detention Center. *See, e.g.,* doc. 1 at 7. There are, however, several defects in the pleading that prevent consideration of the merits of the claims asserted. First, although both Burriss and Zachary signed the Complaint, *see id.* at 12, the factual allegations never mention Burriss, *see id.* at 7-12. It, therefore, is unclear whether Burriss has personally suffered any of the issues with the prison mail complained of in those allegations. *See, e.g., id.* at 9. The Court cannot conclude that Burriss

has standing to assert the claims at issue. *See, e.g., Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986) ("In a non-class-action context a prisoner has no standing to litigate another prisoner's claim of denial of access to the courts."); *see also, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). Burriss may not seek any relief on Zachary's behalf. *See, e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) ("It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." (internal quotation marks, alterations, and citation omitted)).

Second, even if the Court could infer an allegation that Burriss' mail was interfered with, the Complaint's allegations are entirely too vague and conclusory to state any claim upon which relief could be granted. After identifying the capacities in which the defendants are allegedly responsible for handling prisoner mail at Chatham County Detention Center, *see* doc. 1 at 7-9, it alleges that "[a]ll defendants . . . acting individually and in concert are in conspiracy" and implemented "various policies" applicable to mail concerning "legal, political, religious, social and personal matters," *id.* at 9-10. The mail interfered with "was to, but not limited to, Public Defenders Office, District Court, District

3

Attorneys Office, Clerk of Superior Court, all judges, Georgia Bar Association, Google News, CBS, NBC, Yahoo News, Atlantic Journal, New England Medical Journal, Department of Justice, Sheriff Wilcher, ACLU, Human Rights Watch, Appeal Court of Georgia, Supreme Court of Georgia and many others not stated at this time." *Id.* at 9. The Complaint further alleges that outgoing mail "failed to reach those addressed through the concerted actions of the Defendants by interference or confiscation. All said and stated Defendants conspired with concerted action wherein each defendant acquiesced, condoned, encouraged and assisted the others to single out the plaintiffs for harsh, arbitrary, and discriminatory treatment, in knowing and unlawful disregard to all the plaintiffs' rights, privileges, and immunities under the laws of the United States Constitution." *Id.* at 10-11.

To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an

4

"unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)). The substantive allegations of the Complaint are vague, speculative, and generally conclusory. It, therefore, fails to state any claim.[1]

Although the Complaint fails to state any claim, Burriss is entitled to an opportunity to amend before the Court recommends dismissal. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015)

---

[1] The generalized allegations concerning interference with mail, for example, makes it impossible for the Court to determine whether a constitutional violation has been alleged. While "the right to send and receive mail exists under the First Amendment," *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008), not all mail is analyzed in the same way. "Legal mail," meaning communications between a prisoner and his or her attorney, is afforded considerable protection. *See id.* at 1334. Communications with the Court are afforded less protection. *See, e.g., Zamaro v. Moonga*, 2009 WL 5197851, at *2 (E.D. Cal. Dec. 22, 2009) ("[U]nder federal law, filings in [an] action, be they court orders or documents filed by [parties], are a matter of public record and are not confidential legal mail."). Finally, communications with third parties, whether public interest organizations or a prisoner's friends and family, are considered still differently. *See, e.g., Dickerson v. Chatman*, 2008 WL 4155624, at *3 (M.D. Ga. Sept. 5, 2008). Moreover, even if the Court could identify the appropriate rubric to analyze the claims, the wholly conclusory allegations of concerted action and conspiracy would preclude any determination of any particular defendant's responsibility.

("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the actin."). Accordingly, Burriss is **DIRECTED** to submit an Amended Complaint clarifying his allegations of interference with his mail by no later than October 20, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Burriss is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Burriss is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Burriss had no average monthly deposits to or balance in his prison trust account. *See* doc. 6 at 1. He, therefore, does not owe an initial partial filing fee. *See* 28 U.S.C.

§ 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order.[2]

    **SO ORDERED**, this 2nd day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.